# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| Joshua Ferguson,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Southern Concrete and Construction, Inc., and Kelly Boulware,<br><br>　　　　　　　　　　Defendants. | Case Number: 8:18-cv-00942-AMQ<br><br>**ANSWER TO COMPLAINT** |

COME NOW Defendants Southern Concrete and Construction, Inc., and Kelly Boulware (hereinafter collectively "Defendants"), by and through their undersigned attorneys and files this their Answer to the Complaint filed by Joshua Ferguson (hereinafter "Plaintiff").

## RESPONSE TO INTRODUCTION

1.　　The allegations set forth in Paragraph 1 of the Complaint are legal conclusions and recitations to which no response is necessary. To the extent a response is required, they are hereby denied.

## RESPONSE TO JURISDICTION AND VENUE

2.　　Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.　　Defendants admit the allegations contained in Paragraph 3 of the Complaint.

## RESPONSE TO PARTIES

4.　　Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.　　Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the factual allegations contained in Paragraph 6 of the Complaint. To the extent allegations set forth in Paragraph 6 of the Complaint contain legal conclusions and recitations, no response is necessary. To the extent a response is required, they are hereby denied.

7. Defendants admit the factual allegations contained in Paragraph 7 of the Complaint. To the extent allegations set forth in Paragraph 7 of the Complaint contain legal conclusions and recitations, no response is necessary. To the extent a response is required, they are hereby denied.

## RESPONSE TO ALLEGED FACTS

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. With respect to the allegations set forth in Paragraph 10 of the Complaint, Defendants admit that some of its employees voluntarily reported to the Anderson Shop to obtain a free ride to the worksite. Plaintiff was not required to report to the Anderson Shop and had the option to travel directly to and from the worksite. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. With respect to the allegations set forth in Paragraph 11 of the Complaint, Defendants admit that some of its employees voluntarily reported to the Anderson Shop to obtain a free ride to the worksite. Plaintiff was not required to report to the Anderson Shop and had the option to travel directly to and from the worksite. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. With respect to the allegations set forth in Paragraph 12 of the Complaint, Defendants admit that some employees obtained a free ride back to the Anderson Shop after their workweek was complete. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. With respect to the allegations set forth in Paragraph 13 of the Complaint, Defendants admit that they did not pay Plaintiff for the time he spent riding back to the Anderson Shop after his workweek was completed. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit the allegations set forth in Paragraph 18 of the Complaint.

19. With respect to the allegations set forth in Paragraph 19 of the Complaint, Defendants admit that they deducted lunch breaks that were 30 minutes or longer based on the actual time of the lunch break taken. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. With respect to the allegations set forth in Paragraph 23 of the Complaint, Defendants admit that most of its supervisors used the same format as Exhibit B during certain time periods. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. The allegations set forth in Paragraph 24 of the Complaint are legal conclusions and recitations to which no response is necessary.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants admit the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants admit the allegations set forth in Paragraph 28 of the Complaint.

29. With respect to the allegations set forth in Paragraph 29, Defendants admit that Plaintiff worked for Defendants on a full-time and continuing basis during his employment. Defendants lack knowledge of Plaintiff's activities outside of working for Defendant and, therefore, denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30. Defendants admit the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants admit the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants admit the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

## **RESPONSE TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

### **(Minimum Wage)**

30. Defendants incorporate and restate their responses to the foregoing Paragraphs of the Complaint as if fully set forth herein.

31. Defendants admit the allegations set forth in duplicate Paragraphs 31, 32 and 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

## RESPONSE TO SECOND CLAIM FOR RELIEF

### (Overtime)

40. Defendants incorporate and restate their responses to the foregoing Paragraphs of the Complaint as if fully set forth herein.

41. Defendants admit the allegations set forth in Paragraph 41 of the Complaint.

42. With respect to the allegations set forth in Paragraph 42 of the Complaint, Defendants admit that Southern Concrete is an employer under the FLSA. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

## RESPONSE TO THIRD CLAIM FOR RELIEF

### (SC Payment of Wages Act)

47. Defendants incorporate and restate their responses to the foregoing Paragraphs of the Complaint as if fully set forth herein.

48. The allegations set forth in Paragraph 48 of the Complaint are legal conclusions and recitations to which no response is necessary. Defendants admit that Plaintiff was employed by Southern Concrete and paid wages. To the extent a further response is required, the allegations are hereby denied.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint as no such promises were communicated by Defendants.

50. The allegations set forth in Paragraph 50 of the Complaint are denied because no such deductions were made. To the extent these allegations are legal conclusions and recitations, no response is necessary. To the extent a response is required, the allegations are hereby denied.

51. The allegations set forth in Paragraph 51 of the Complaint are legal conclusions and recitations to which no response is necessary. To the extent a response is required, the allegations are hereby denied.

52. The allegations set forth in Paragraph 52 of the Complaint are legal conclusions and recitations to which no response is necessary. To the extent a response is required, the allegations are hereby denied.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

57. Defendants deny that Plaintiff are entitled to any relief and specifically deny the allegations set forth in the prayer for relief, including subparagraphs A through J.

58. Defendants further deny any allegations of the Complaint not expressly admitted herein and demand strict proof thereof.

## Affirmative and Additional Defense

In further Answer to Plaintiff's Complaint, Defendants asserts the following affirmative and additional defenses:

(a) Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and to the extent of same, Plaintiff is barred from recovery.

(b)     At all relevant times, Plaintiff was accurately and appropriately compensated for all hours worked for Defendants.

(c)     Defendants invoke the defenses, protections, exemptions, and limitations of the FLSA, 29 U.S.C. § 201, et. seq., including the Portal to Portal Act.

(d)     To the extent that Plaintiff failed to mitigate damages, he is barred from recovery and/or such recovery must be reduced by such failure to mitigate.

(e)     Some or all of Plaintiff's claims may be barred by operation of the doctrines of waiver, unclean hands and/or estoppel.

(f)     To the extent that Plaintiff seeks recovery for time which was not compensable, i.e. not "hours worked" under the FLSA, his claims are barred.

(g)     Plaintiff's claims are barred as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

(h)     Without admitting liability, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants, where applicable, for periods in which Plaintiff was not engaged in work.

(i)     To the extent that Plaintiff falsely reported, or failed to report, his hours worked to Defendants, and there is: no evidence that Defendants required false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report, or not to report, his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours worked, Plaintiff is estopped from claiming more hours worked than those submitted to Defendants.

(j)     Defendants did not act knowingly, intentionally, recklessly, or with malice to deprive Plaintiff of any federally protected rights.

(k)     To the extent that some or all of Plaintiffs' claims are barred by the applicable statute of limitations, those claims must be dismissed.

(l)     Defendants' alleged actions were not willful so as to invoke the three-year statute of limitations under the FLSA. Defendants did not know, or show reckless disregard for, whether its alleged conduct violated the FLSA. At all times, Defendants acted in good faith and believed then and believes now that their actions, where applicable, fully complied with the FLSA**.**

(m)     Defendants cannot be held liable for liquidated damages in the circumstances of this case because Defendant at all times acted, where applicable, in good faith and had reasonable grounds for believing that its alleged acts or omissions complied with the FLSA and believed then and believe now that its alleged actions fully comply with the FLSA.

(n)     Plaintiff's action is barred to the extent he seeks to recover for time which is de minimis work time and thus not compensable under the FLSA in accordance with 29 C.F.R. § 785.47.

(o)     To the extent Plaintiff seeks any other damages which are not recoverable under the FLSA, Plaintiff is barred from such recovery.

(p)     Defendants at all times acted in good faith with reasonable grounds to believe it was not in violation of the FLSA. Defendants are relieved of any liability to Plaintiff due to its good faith conformance and reliance on analysis, administrative regulation, written order, ruling, approval, or interpretation by the Administrator of the Wage/Hour Division of the Department of Labor, or an administrative practice or enforcement policy of such agency.

(q)     Plaintiff's South Carolina Payment of Wages Act claim is barred because it is pre-empted by Plaintiff's FLSA claims.

(r)     Plaintiff is not entitled to duplicate recovery under the FLSA and South Carolina Payment of Wages Act.

(s)     Plaintiff' claims for treble damages and attorneys' fees under the South Carolina Payment of Wages Act are barred because a bona fide dispute exists regarding this claim.

(t)     Some or all of Plaintiff's claims are barred by the doctrine of laches, express or implied consent, estoppel, waiver, due diligence, accord and satisfaction, and/or release.

(u)     In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

(v)     Defendants reserve the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, having fully responded to the allegations in Plaintiff's Complaint, and for the foregoing reasons, Defendants respectfully prays that:

1.     Plaintiff's claims be dismissed with prejudice in their entirety;

2.     Each and every prayer for relief in Plaintiff's Complaint be denied;

3.     Judgment be entered in Defendants' favor;

4.     All costs incurred by Defendants in this action be awarded to Defendants as the prevailing party;

5.     All reasonable attorneys' fees incurred by Defendants in this action be awarded to Defendants for, among other reasons, Plaintiff's commencing and litigating this action without substantial factual or legal support; and

6.     This Court grant Defendants such other and further relief as it deems just and appropriate.

Dated this 4th day of June, 2018.        Respectfully submitted,

<div style="margin-left: 3in;">
s/Jeffrey A. Lehrer  
Jeffrey A. Lehrer  
Federal ID: 07677  
FORD & HARRISON LLP  
100 Dunbar Street, Suite 300  
Spartanburg, South Carolina 29306  
Telephone:  (864) 699-1100  
Facsimile:   (864) 699-1101  
jlehrer@fordharrison.com  

Attorneys for Defendants Southern Concrete and Construction, Inc., and Kelly Boulware
</div>

WSACTIVELLP:9830576.1